**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

RON NYSTROM,

　　　　　　**Plaintiff/Counterclaim-Defendant,**

v.　　　　　　　　　　　　　　　　　　　　**Civil Action No. 2:01cv905**

TREX COMPANY, INC. and
TREX COMPANY, LLC,

　　　　　　**Defendants/Counterclaim-Plaintiffs.**

## ORDER AND OPINION

This matter is presently before the court on remand from the United States Court of

Appeals for the Federal Circuit.  At the request of both parties, the court conducted a telephone

status conference with counsel on January 19, 2006, to briefly discuss the matters that require

resolution before this court.  After considering the positions advanced by counsel, the case law

referenced in plaintiff's January 6, 2006 letter to this court, the opinion of the Federal Circuit,

and the case file, the court declines to hold a hearing or order further briefing of this matter.   As

defendants do not seek to have their counterclaims reinstated and plaintiff has waived the right to

pursue infringement based on the doctrine of equivalents, this matter is dismissed in its entirety.

### I.  Factual and Procedural Background

On December 5, 2001, Ron Nystrom ("plaintiff") filed the instant lawsuit alleging patent

infringement by TREX Co., Inc and TREX Co., LLC ("defendants" or "TREX") of U.S. Patent

No. 5,474,831 ("the '831 patent").  The '831 patent, which was issued to plaintiff on December

12, 1995, discloses a uniquely shaped board for use in constructing exterior flooring surfaces

(such as outdoor decks, porches, docks, etc.) that has a slightly rounded or curved top surface that enables the board to shed water, and a bottom surface with a concave configuration which allows multiple boards to stack easily.  The defendants' product is a composite board with a curved top and bottom, which is made from a mixture of cellulose fibers (usually sawdust) and plastic. Defendants have refused to take a license of plaintiff's patent in the past and as part of this action have filed counterclaims alleging the invalidity of plaintiff's patent.

On August 1, 2002, this court conducted a <u>Markman</u> hearing for the purpose of construing the claims in the plaintiff's patent; specifically, the court made claim constructions of the terms "board," "manufactured to have," and "convex top surface."  <u>See</u> Aug. 19, 2002 Order. Based on such rulings, the court eventually entered judgment of non-infringement in favor of defendants as well as judgment of invalidity as to claims 18-20.  <u>See</u> Oct. 20, 2003 Order. Furthermore, the court dismissed without prejudice the remainder of defendants' counterclaims stating: "Defendants will be allowed to assert all said counterclaims in their current form in the event this matter is remanded for further consideration."  <u>Id.</u>  The United States Court of Appeals for the Federal Circuit, in a decision dated September 14, 2005, affirmed this court's interpretation of the terms "board" and "manufactured to have" and therefore, affirmed the court's judgment of non-infringement.  However, the Federal Circuit reversed the construction of the term "convex top surface" as well as the court's entry of summary judgment of invalidity as to claims 18-20.

## II. Analysis

On remand there are presently two issues before the court: first, whether the court should proceed with adjudication of defendants' invalidity counterclaims; and second, whether plaintiff

should be permitted to argue infringement pursuant to the doctrine of equivalents.  Based upon this court's Orders of August 19, 2002, and October 20, 2003, as well as the opinion of the Federal Circuit, the court declines to reinstate defendants' counterclaims and finds that plaintiff has waived the right to argue the doctrine of equivalents.  Therefore, there is no longer a case or controversy between the parties and this matter is dismissed in its entirety.

### A.  Defendant's Invalidity Counterclaims

The court's October 20, 2003 Order ruled that claims 18-20 of the '831 patent were invalid and dismissed the remainder of defendants' counterclaims but indicated that on remand, under the proper circumstances, "Defendants will be allowed to assert all said counterclaims in their current form."  See Aug. 19, 2002 Order.  However, the Federal Circuit's decision affirming non-infringement has led defendants to ask the court to dismiss the invalidity claims without prejudice.  See Def. Dec. 29, 2005 letter.  Therefore, such claims properly remain dismissed.

Likewise, even if defendants desired to reinstate the previously dismissed counterclaims, the court would decline to do so because, as "noninfringement is clear and invalidity is not plainly evident, it is appropriate to treat only the infringement issue."  Phonometrics, Inc. v. Northern Telecom Inc., 133 F.3d 1459, 1468 (Fed. Cir. 1998) (quoting Leesona Corp. v. United States, 208 Ct.Cl. 871, 530 F.2d 896, 906 n.9 (1976)); see Digital Privacy, Inc. v. RSA Sec., Inc., 199 F. Supp. 2d 457, 458-59 (E.D. Va. 2002) ("In accord with Phonometrics, this court exercises its discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement.") (citation omitted).  Although the Supreme Court's decision in Cardinal Chemical Co. v. Morton International, 508 U.S. 83 (1993) prohibits an intermediate appellate court from "vacating a judgment of invalidity when [it] conclude[s] that a patent has not been infringed,"

3

Cardinal Chemical does not preclude a district court from exercising its discretion to declare as moot an invalidity counterclaim. Phonometrics, 133 F.3d at 1468. Moreover, here, as Nystrom "was not aggrieved by the dismissal of [his] opponents' motion," he has "no statutory right to appeal that decision . . . despite [any] argument that [he] has a general interest in a judicial determination of [his] patent's validity." Id. Therefore, as defendants' counterclaims were properly dismissed by this court's October 20, 2003 Order, and the Federal Circuit affirmed the court's judgment of non-infringement, such claims are moot and are not subject to reinstatement.

### B.  Plaintiff's Doctrine of Equivalents Argument

The doctrine of equivalents provides that claims not literally infringed "may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co., 520 U.S. 17, 21 (1997). Such doctrine "allows the patentee to claim those insubstantial alterations that were not captured in drafting the original patent claim but which could be created through trivial changes." Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 733 (2002) (hereinafter Festo VIII). However, prosecution history estoppel requires that a court interpret patent claims "in light of the proceedings in the PTO [Patent and Trademark Office] during the application process." Id. Thus, when a patentee "originally claimed the subject matter alleged to infringe but then narrowed the claim in response to a rejection [from the PTO], he may not argue that the surrendered territory . . . should be deemed equivalent to the literal claims of the issued patent." Id. at 733-734. This result logically flows from the fact that a rejection can be appealed and that a patentee's "decision to forgo an appeal and submit an amended claim is taken as a concession that the invention as patented does

4

not reach as far as the original claim."  Id. at 734.

Although plaintiff stated in his complaint that TREX infringed on the '831 patent "either literally or equivalently," plaintiff failed to argue during the Markman hearing or at any other time in opposition of summary judgment that plaintiff could establish infringement "equivalently."  Furthermore, after such hearing, plaintiff moved the court to enter final judgment in favor of defendants on the issue of infringement because "Mr. Nystrom [was] unable to present a prima facie case of infringement given the Court's construction of the terms 'board' and 'manufactured to have.'"  See Pl. Motion for Judgment.  Plaintiff's lone reference to equivalency in his complaint is similar to the facts of Boss Control, Inc. v. Bombardier Inc., 410 F.3d 1372, 1380 (Fed. Cir. 2005).  In Boss, although the plaintiff made a "single reference to the doctrine of equivalents in [its] briefs," the Federal Circuit held that the plaintiff "cannot rely on the doctrine of equivalents because [plaintiff] did not rely on it before the district court in opposing summary judgment."  Id.  The court concluded: "Because [plaintiff] failed to present substantive arguments to the district court concerning infringement under the doctrine of equivalents, we hold that [plaintiff] waived the issue."  Id.

As the present matter mirrors Boss, plaintiff's ability to prevail over the apparent waiver turns on whether plaintiff voluntarily waived such argument or whether failure to argue equivalent infringement was the result of an "adverse judgment" precluding such argument.  See Sulzer Textil A.G. v. Picanol N.V., 358 F.3d 1356, 1369 (Fed. Cir. 2004) (remanding the issue of waiver to the district court because it appeared that a motion in limine precluding the plaintiff from arguing equivalent infringement was decided before trial).  Plaintiff contends that this court's Markman ruling precluded any equivalency argument whereas the Federal Circuit's

opinion does not foreclose such argument.  Specifically, plaintiff states that this court's "prosecution disclaimer rulings in the claim construction order constitute[] a legal bar to Nystrom's claim of infringement under the doctrine of equivalents."  Pl. Jan. 6, 2006 letter, p.2; see Omega Eng'g, Inc. v. Raytek Corp., 334 F.3d 1314, 1326 n.1 (Fed. Cir. 2003) (recognizing similarities between relying on prosecution history for claim construction and doctrine of equivalent estoppel).  However, unlike the facts of Sulzer, which turned on whether the court granted a motion expressly excluding an equivalency argument, here, plaintiff cannot point to an adverse ruling that directly addressed the doctrine of equivalents or established estoppel based on prosecution history.  Rather, plaintiff attempts to transform the language in this court's August 19, 2002 Markman Order into a clear decree that the court's interpretation of the prosecution history foreclosed any possible doctrine of equivalents argument.

After carefully considering this court's August 19, 2002 Order, the only language pertinent to plaintiff's position states that plaintiff's patent was rejected by the PTO "as being anticipated by the scientific principle that a board will warp in the direction of the grain" and concludes that plaintiff added "manufactured to have" to distinguish his claim from the scientific principle.  Aug. 19, 2002 Order, p.11.  Plaintiff attempts to portray such language as establishing that the court's opinion concluded that the prosecution history narrowed plaintiff's claims, when in reality, such history merely established that plaintiff's claims always intended to cover only wood boards.  The court reached this very conclusion by stating: "The only type of boards that will warp in the direction of the grain are wood boards."  Id.

Nothing in this court's Aug. 19, 2002 Order indicates that petitioner was legally prohibited from making an argument pursuant to the doctrine of equivalents.  Even if plaintiff is

correct that this court's order may have suggested such conclusion, plaintiff was still required to raise such claim in the district court as the court's <u>Markman</u> ruling certainly did not <u>foreclose</u> such argument.  Specifically, the court's claim construction of the term "board" relied primarily on its ordinary meaning as well as the term "viewed in light of the specification." <u>Id.</u> at p.7.  The court's construction of "manufactured to have" used prosecution history to illuminate that plaintiff was always referring to a wood board and therefore, always referring to a woodworking technique.  Therefore, because plaintiff was not legally foreclosed from presenting substantive arguments under the doctrine of equivalents, and yet he failed to present such arguments, plaintiff is deemed to have waived the issue.  <u>See</u> <u>Boss Control, Inc. v. Bombardier Inc.</u>, 410 F.3d 1372, 1380 (Fed. Cir. 2005).

Furthermore, plaintiff's position, which may have carried more force prior to <u>Festo VIII</u>, fails to account for the fact that even if this court had found that a narrowing amendment related to patentability, the presumption that the "territory surrendered is not an equivalent of the territory claimed" is <u>rebuttable</u>.[1]  Therefore, even viewing this court's order under plaintiff's interpretation would provide plaintiff with the opportunity to argue "that the amendment does not

---

[1]  The Supreme Court's decision in <u>Festo VIII</u> was issued on May 28, 2002, prior to this court's <u>Markman</u> rulings.  Thus, the parties knew that although a narrowing amendment related to patentability may give rise to estoppel, that the application of the doctrine of equivalents was not automatically barred; rather, the patentee had the opportunity to overcome such presumption and show that "that the amendment does not surrender the particular equivalent in question." <u>Festo VIII</u>, at 740.  The rebuttal presumption can be overcome in three ways:

(1) by demonstrating that 'the equivalent [would] have been unforeseeable at the time of the [amendment],'
(2) that 'the rationale underlying the amendment [bore] no more than a tangential relation to the equivalent in question,'
(3) that 'there [was] some other reason suggesting that the patentee could not reasonably be expected to have described the insubstantial substitute in question.'

<u>Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.</u>, 344 F.3d 1359, 1365 (Fed. Cir. 2003) (quoting <u>Festo VIII</u>, at 740-41).

surrender the particular equivalent in question." <u>Festo VIII</u>, at 740.  Thus, plaintiff at least had the opportunity to argue that he could overcome the presumption that he was estopped from arguing equivalent infringement; by failing to do so, plaintiff is deemed to have waived such right.

### III. Conclusion

Based on the Federal Circuit's Opinion as well as this court's previous rulings, the court finds that there no longer exists a case or controversy between the parties.  Because plaintiff has suffered no adverse effects of this court's dismissal of defendants' invalidity counterclaims and because plaintiff waived the right to bring infringement claims pursuant to the doctrine of equivalents, this matter is **DISMISSED** in its entirety.

The Clerk is **REQUESTED** to mail copies of this Order to counsel for all parties.

**IT IS SO ORDERED.**

_____/s/_____

Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 25 , 2006